

Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Milton I. Shadur | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 97 C 7665 | **DATE** | 11/12/2002 |
| **CASE TITLE** | USA vs. Richard Bailey | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).

(10) ■ [Other docket entry]   Enter Memorandum Opinion and Order. Defendant's motion to vacate judgment and motion to amend defendant's original 2255 motion are denied. Defendant's motion for appointment of counsel is denied as moot.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | number of notices | **Document Number** |
| | No notices required. | | | |
| | Notices mailed by judge's staff. | | NOV 14 2002 | |
| | Notified counsel by telephone. | | date docketed | 17 |
| ✓ | Docketing to mail notices. | | docketing deputy initials | |
| | Mail AO 450 form. | | | |
| | Copy to judge/magistrate judge. | | date mailed notice | |
| SN | courtroom deputy's initials | | mailing deputy initials | |

CLERK U.S. DISTRICT COURT

02 NOV 12 PM 4:43

10 ΠΞЯ3ΤЯΞЛ shall/Time received in central Clerk's Office

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

UNITED STATES OF AMERICA,       )
                                )
                Plaintiff,      )
                                )
        v.                      )       No. ~~94 CR 101~~
                                )       (97 C 7665)
RICHARD BAILEY,                 )
                                )
                Defendant.      )               **DOCKETED**

                                                NOV 1 4 2002

MEMORANDUM OPINION AND ORDER

Under the rubric of this long-ago-disposed-of 28 U.S.C.

§2255[1] proceeding, Richard Bailey ("Bailey")-- having been

sentenced by this Court more than seven years ago following his

guilty plea (see the several opinions by this Court reported

beginning at 892 F.Supp. 997 (N.D. Ill. 1995))[2]-- has just filed

three related documents:

    1.  "Defendant's Motion To Vacate Judgment" (referred

    to here as "Motion 1"), in which Bailey seeks to invoke Fed.

    R. Civ. P. ("Rule") 60(b) to challenge this Court's

    November 25, 1997 order that dismissed Bailey's original

    Section 2255 motion for post-conviction relief, after both

    sides had responded to this Court's directive that they

    address the issue of the motion's timeliness or untimeliness

------------------------------------

    [1]  All further references to Title 28's provisions will
simply take the form "Section--."

    [2]  At that time Bailey was represented by experienced
criminal defense counsel Patrick Tuite, Esq. and Ronald Menaker,
Esq.  This Court's judgment was affirmed by our Court of Appeals
on October 9, 1996 (97 F.3d 982 (7th Cir. 1996)).

in light of the then-recent enactment of the Antiterrorism
and Effective Death Penalty Act ("Act");

2. "Defendant's Motion To Amend Defendant's Original
2255 Motion" (referred to here as "Motion 2"); and

3. "Defendant's Motion for Appointment of Counsel"
(referred to here as "Motion 3").

For the reasons stated here, Motions 1 and 2 are denied because
Bailey has submitted them to the wrong court, while those denials
moot Motion 3 (which is therefore denied on mootness grounds).

Both Motions 1 and 2 demonstrate that Bailey's current
effort is more properly characterized as a "second or successive"
Section 2255 motion, which is required by the last paragraph of
that section and by Section 2244(b)(3) to be submitted to our
Court of Appeals for authorization to proceed (rather than to be
addressed to this Court in the first instance). To see why that
is so, some background elaboration is in order.

When this Court held back in 1997 that Bailey's original
Section 2255 motion was untimely, our Court of Appeals had not
yet spoken to the issue whether the one-year time clock inserted
into Section 2255 by the Act began to tick on the affirmance of a
defendant's conviction or on the later date when the appellate
mandate issued. At that time only one Court of Appeals had
spoken to that issue (in an unpublished opinion in Jones v.
United States, 114 F.3d 1198 (10th Cir. 1997)), so that this
Court looked to that decision and applied the earlier date, under

2

which Bailey's attempted collateral attack was out of time. But
because the timing question was an open one in this Circuit, this
Court issued a certificate of appealability to allow Bailey to
present the issue to our Court of Appeals.

Although Bailey thus had the opportunity to submit the
timeliness question directly to the Seventh Circuit, he decided
after consultation with his newly retained counsel to dismiss his
appeal voluntarily on March 2, 1998. Not long after that our
Court of Appeals decided <u>Gendron v. United States</u>, 154 F.3d 672,
674 (7th Cir. 1998)(per curiam), in which it held that the
operative date for Section 2255 purposes was the issuance date of
that court's mandate (a date that would have caused Bailey's
original Section 2255 motion to be timely by one day).

But more than four years have elapsed since the <u>Gendron</u>
decision (during which time its ruling has been reconfirmed and
applied by our Court of Appeals on several occasions), so that
Bailey's <u>present</u> effort to obtain post-conviction review would
clearly be untimely even if the issuance of the <u>Gendron</u> decision
had somehow triggered a new one-year time period under the
penultimate paragraph of Section 2255, or even if Bailey could
somehow seek the benefit of Rule 60(b)'s "reasonable time"
provision post-<u>Gendron</u>. And as if that were not enough, Motion 2
¶12 reveals that in June 2001 Bailey went to the Court of Appeals
to request its authorization for a second or successive Section
2255 motion, at that time seeking to invoke the application of

3

Apprendi v. New Jersey, 530 U.S. 466 (2000). Even though Gendron was then nearly three years old, Bailey did not at that time raise the issue that he now seeks to advance.

Bailey attempts to explain away that omission by saying that he was then unaware of Gendron (Motion 2 ¶12). But of course time limitations such as those established by Sections 2255 and 2254 cannot be measured from the time that a convicted defendant learns of the existence of relevant authority, else the entire concept of repose that underlies such provisions would be frustrated.

In sum, Bailey's attempt to resuscitate his 1997 motion under Section 2255 by calling Rule 60(b) into play is bootless. What he is really attempting is to file a second or successive Section 2255 motion, and that must be brought before our Court of Appeals. As stated at the outset, Motions 1 and 2 are denied on that ground, while Motion 3 fails because it is rendered moot by the denial of the other two motions.[3]

Milton I. Shadur
Senior United States District Judge
Date:  November 12, 2002

---

[3]  Because of the nature of this ruling, this opinion has avoided comment on Bailey's substantive claims that he has been the victim of bad advice from every lawyer (or jailhouse lawyer) whom he has dealt with other than Messrs. Tuite and Menaker. This opinion has also eschewed any discussion of the patent inapplicability of Apprendi to Bailey's situation.

4