# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Milton I. Shadur | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 97C7665 | **DATE** | 12/6/2002 |
| **CASE TITLE** | USA vs. Richard Bailey | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____ .
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Enter Supplement to Memorandum Opinion and Order. In summary, the denials of Bailey's three motions in the Opinion remain intact. Motions 2 and 3 continue to be denied for the reasons originally stated in the Opinion, while Motion 1 remains denied on the ground clarified here. (18-1, 19-2, 20-1)

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | Document Number |
|---|---|---|---|---|
| | No notices required, advised in open court. | | number of notices | |
| | No notices required. | | DEC 11 2002 | |
| ✓ | Notices mailed by judge's staff. | | date docketed | 21 |
| | Notified counsel by telephone. | | | |
| | Docketing to mail notices. | | 12/9/2002 | |
| | Mail AO 450 form. | U.S. DISTRICT COURT CLERK | date mailed notice | |
| | Copy to judge/magistrate judge. | | | |
| SN | courtroom deputy's initials | 02 DEC 10 PM 3:49 Date/time received in central Clerk's Office | SN mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

UNITED STATES OF AMERICA, )
)
Plaintiff, )
)
v. ) No. ██████
) (97 C 7665)
RICHARD BAILEY, )
)
Defendant. )

DOCKETED
DEC 1 1 2002

SUPPLEMENT TO MEMORANDUM OPINION AND ORDER

This Court's November 12, 2002 memorandum opinion and order ("Opinion") denied three motions that had just been brought by Richard Bailey ("Bailey") to challenge the life sentence that this Court had imposed more than seven years ago following his guilty plea (see this Court's several opinions, reported beginning at 892 F.Supp. 997 (N.D. Ill. 1995)) and that our Court of Appeals had affirmed over six years ago (see 97 F.3d 982 (7th Cir. 1996)). As the Opinion reflected, the third of those motions (the one seeking the appointment of counsel) was denied on mootness grounds, and that ruling requires no further discussion here.

But on further consideration this Court has determined that although the result is the same--the denial of the other two motions--some further discussion of one aspect of the Opinion is in order. Hence the issuance of this supplement to the Opinion.

In what the Opinion referred to as "Motion 2," Bailey expressly sought to amend his original 28 U.S.C. §2255 ("Section

2255") motion filed some years earlier. In that respect the Opinion's characterization of that effort as a "second or successive" Section 2255 motion--something that must be brought before our Court of Appeals in the first instance--was entirely accurate, and there too nothing needs to be added to the denial of the motion on that ground.

On further thought, however, it appears that some supplementation (or perhaps modification) of the Opinion is in order as to what this Court referred to as Motion 1: "Defendant's Motion To Vacate Judgment," under which Bailey stated that he sought to call Fed. R. Civ. P. ("Rule") 60(b) to his aid. In that regard, our Court of Appeals' decision in Henderson v. United States, 264 F.3d 709 (7th Cir. 2001) teaches that Bailey's characterization should be accepted by this Court, rather than viewing his effort as a mislabeled Section 2255 motion.

From that perspective the Opinion has already indicated, and this Court reconfirms, that any attempted Rule 60(b) motion would be far out of time. That rule expressly requires that any such motion "shall be made within a reasonable time," and (as the Opinion said) Bailey unquestionably fails that test--he waited for more than four years after our Court of Appeals held in Gendron v. United States, 154 F.3d 672, 674 (7th Cir. 1998)(per curiam) that the operative date for purposes of the one-year

2

limitation under Section 2255 was different from the one that this Court had found in reliance on the only then-existing Court of Appeals opinion (from another Circuit).

In summary, the denials of Bailey's three motions in the Opinion remain intact. Motions 2 and 3 continue to be denied for the reasons originally stated in the Opinion, while Motion 1 remains denied on the ground clarified here.

_____
Milton I. Shadur
Senior United States District Judge

Date: December 6, 2002