# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Milton I. Shadur | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 97 C 7665 | **DATE** | 1/3/2003 |
| **CASE TITLE** | | USA vs. Richard Bailey | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
  ☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Enter Memorandum Opinion and Order. In summary, Bailey's current motion, which he declares has been prepared "with assistance from a person who is a non-lawyer who has thoroughly explained the claims I have set forth in this instrument," is rejected in its entirety. Any Rule 60(b) challenge has come far too late, and this Court reconfirms its November 12, 2002 memorandum opinion and order as supplemented on December 6, 2002.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | Document Number |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| ✓ | Notices mailed by judge's staff. | | JAN 07 2003 date docketed | 11 |
| | Notified counsel by telephone. | | | |
| | Docketing to mail notices. | | | |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | 1/6/2003 date mailed notice | |
| SN | courtroom deputy's initials | Date/time received in central Clerk's Office | SN mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

UNITED STATES OF AMERICA, )
)
      Plaintiff, )
)
v. ) No. 97 C 7665
) (No. 94 CR 481)
RICHARD BAILEY, )
)
      Defendant. )

DOCKETED
JAN - 7 2003

MEMORANDUM OPINION AND ORDER

Once more Richard Bailey ("Bailey") has continued his protracted (although, more importantly, overly belated) efforts to overturn the sentence that this Court imposed after his guilty plea and an extended sentencing hearing -- a sentence that was affirmed by our Court of Appeals over six years ago (97 F.3d 982 (7th Cir. 1996)). This time Bailey's pro se attack is captioned "Defendant's Motion To Vacate Judgment, or Alternatively Defendant's Motion Requesting Clarification of Judgment." In light of the convoluted history of Bailey's post-trial activity, another review of the extensive bidding seems worthwhile by way of explanation.

It was on October 9, 1996 that our Court of Appeals affirmed the sentence that this Court had imposed after a week-long sentencing hearing and the issuance of some extended written opinions. Nearly 13 months after that affirmance, but just under a year after the Seventh Circuit's mandate confirming the affirmance was transmitted to this District Court, Bailey filed a

28 U.S.C. § 2255 ("Section 2255") motion to challenge his sentence.

At that time only about 1-1/2 years had elapsed since the April 24, 1996 enactment date of the Anti-Terrorism and Effective Death Penalty Act ("Act"). Understandably, virtually all of the Courts of Appeals around the country (including our own) had not yet had the opportunity to deal with a good many aspects of the Act's meaning and operation. In particular, this Court's research after it received Bailey's Section 2255 motion found that only one Court of Appeals had addressed the onset of the one-year limitation period under Section 2255, which runs from "the date on which the judgment of conviction becomes final," in a situation where a direct appeal had upheld a defendant's conviction. Because that Tenth Circuit decision had used the date of affirmance as the triggering event, this Court followed that only existing appellate authority and ruled that Bailey's attempted collateral attack on his sentence was out of time. But because the timing question was still an open one in this Circuit, this Court then deliberately issued a Certificate of Appealability to allow Bailey to present the issue to our Court of Appeals.

Bailey did indeed launch an appeal from the dismissal of his Section 2255 motion, but then (after consulting with his newly retained counsel, not the lawyers who had represented him before this Court) he abandoned the opportunity to submit the timeliness

question directly to the Seventh Circuit -- he voluntarily dismissed his appeal on March 2, 1998. Just a bit over six months later our Court of Appeals issued its per curiam opinion in Gendron v. United States, 154 F.3d, 672, 674 (7th Cir. 1998),[1] in which it held the operative date for Section 2255 purposes to be the issuance date of the lower case court's mandate (a date that would have enabled Bailey's original Section 2255 motion to be timely filed by at least one day).

This Court of course has no way of knowing the extent to which Bailey continued to work with his new counsel after the March 1998 dismissal of his appeal. But by sheer chance this Court has learned, in connection with a currently planned TV special about Bailey's case,[2] that Bailey presently considers as his lawyer the same one with whom he consulted when they decided on that dismissal. But whatever the extent of Bailey's consultation or lack of consultation with that or other counsel over the interim period may have been, the fact remains that more

---

[1] Gendron actually consolidated three appeals to address the issue of finality for Section 2255 purposes. Given the closeness of the timing, there seems to be no question that if Bailey had not chosen to abandon his own appeal, his case would have been linked up in the same consolidation. If that had been done, the tangled procedural web that has been created since then would have been avoided entirely.

[2] Because of the continuing widespread public interest in the matters this Court had to deal with during Bailey's sentencing hearing, a number of earlier TV specials about the case have been produced.

than four years then elapsed between the issuance of the Gendron opinion and Bailey's filing of his November 2002 attempt to invoke Fed. R. Civ. P. ("Rule") 60(b) as the vehicle for a renewed challenge to his sentence. This Court's November 12, 2002 memorandum opinion and order held that such an extended lapse of time (during which period the Gendron ruling has been reconfirmed and applied by our Court of Appeals on a number of occasions) could not even arguably qualify as a "reasonable time" within the purview of Rule 60(b).

Bailey's most recent filing seeks to excuse his extraordinary multi-year delay on the basis that his place of confinement is in the State of Florida, where he says that most prisoners' legal proceedings are pending in federal courts within the Eleventh Circuit rather than the Seventh. Quite apart from any factual inaccuracy of that characterization (this Court's experience over more than two decades has been that the Bureau of Prisons' designations of custodial institutions for the service of sentences far more frequently specify institutions outside of, rather than within, a defendant's home circuit), that is simply no excuse. Timeliness or untimeliness of post-conviction efforts by incarcerated defendants cannot be made dependent on the time that a defendant actually learns of the existence of relevant authority, as contrasted with a requirement of reasonable diligence.

It is also relevant that Bailey cannot be viewed as having been inattentive to his own situation -- one of his recent filings reveals that in June 2001 he went to our Court of Appeals to request its authorization for a second or successive Section 2255 Motion, then seeking to call upon the authority of Apprendi v. New Jersey, 530 U.S. 494 (2001). And it simply will not do to say, as Bailey does, that Apprendi was a high-profile decision while Gendron was not. This Court and its colleagues have seen too many post-conviction efforts filed by unlettered persons in prison, who raise legal issues of varying levels of obviousness or obscurity, to permit Bailey to override the principles that led to the time restrictions imposed by Rule 60(b) and by passage of the Act.

In summary, Bailey's current motion, which he declares has been prepared "with assistance from a person who is a non-lawyer who has thoroughly explained the claims I have set forth in this instrument," is rejected in its entirety. Any Rule 60(b) challenge has come far too late, and this Court reconfirms its November 12, 2002 memorandum opinion and order as supplemented on December 6, 2002.

_____
Milton I. Shadur
Senior United States District Judge

January 3, 2003