IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 97 C 7665 |
| | ) | 94 CR 481 |
| | ) | |
| RICHARD BAILEY, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

Richard Bailey ("Bailey"), whose conviction and sentence were originally affirmed by our Court of Appeals more than 15 years ago (97 F.3d 982 (7th Cir. 1996)), has once again sought to upset this Court's November 26, 1997 dismissal of his 28 U.S.C. §2255 ("Section 2255") motion that challenged his conviction and sentence. Now Bailey has returned to the well once again, having recently filed what he captions as his "Motion To Reopen and Permit Amendment of the §2255 Proceedings in Accordance with Rule 60(b)(4) and Rule 60(b)(6)."

To consider the current motion it is unnecessary to trace through Bailey's earlier efforts to obtain relief , all of which he refers to in his current motion: a November 2002 motion to amend the original Section 2255 motion, a 2005 effort to obtain collateral review (which was denied by the Court of Appeals as a "second or successive" Section 2255 motion) and a December 2008 effort that was rejected by this Court, with the Court of Appeals upholding that denial as well. Instead it is sufficient to focus

on a provision of Section 2255 that sounds the death knell for Bailey's latest belated effort--a death knell that Bailey's current motion itself reveals.

According to Bailey, this case presents a "cascade of error" that began with this Court's misapprehension as to the date that started Section 2255(f)'s one-year limitations clock ticking. In that respect Bailey correctly cites to the Supreme Court's decision in Clay v. United States, 537 U.S. 522 (2003), which reversed and remanded our Court of Appeals' affirmance of another District Judge's rejection of a Section 2255 petition as time-barred. Clay, id. at 527-32 held that the Section 2255(f)(1) one-year limitation clock is not started until a defendant's time expires for seeking a petition for certiorari to contest the appellate court's affirmance of th defendant's conviction.

Like the District Judge in Clay, in Bailey's case this Court adhered to the then-existing Seventh Circuit precedent that did not defer finality for Section 2255 purposes in the manner later decided by the unanimous Supreme Court decision in Clay. That being so, and on the premise most favorable to Bailey that the Clay decision would apply retroactively, Bailey's original Section 2255 motion would have been timely.

But what Bailey fails to recognize is that Section 2255(f) itself contemplates just such a possibility and that Bailey's current effort to upset what has gone before comes far too late.

2

Here is the relevant portion of Section 2255(f):

> The limitation period shall run from the latest of --
>
> \* \* \*
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review.

What that means is that the Supreme Court's March 4, 2003 decision in <u>Clay</u> started a new one-year limitation period, so that Bailey was given a grace period that expired March 4, 2004 within which he could have launched a fresh Section 2255 motion that would not have been disqualified as "second or successive."

Bailey did not take advantage of that opportunity. And that being the case, his current effort to invoke "principles of fairness and equity" and to complain about "manifest injustice"-- indeed, to seek "equitable tolling" when the Section 2255 statute would have given him a new opportunity that he did not pursue--provide him no comfort.

Accordingly Bailey's current motion is several years out of time even if his other contentions were to be credited. Hence the motion is denied.

_____
Milton I. Shadur
Senior United States District Judge

Date: August 14, 2012

3