IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

UNITED STATES OF AMERICA,           )
                                    )
                 Plaintiff,         )
                                    )
        v.                          )    No.  97 C 7665
                                    )         94 CR 481
                                    )
RICHARD BAILEY,                     )
                                    )
                 Defendant.         )

MEMORANDUM ORDER

This Court has received from the Clerk's Office a copy of
the Application and Motion for Permission to Appeal In Forma
Pauperis ("Application") filed by Richard Bailey in connection
with his appeal from this Court's August 14, 2012 memorandum
opinion and order, which dismissed as untimely his most recent
effort to upset this Court's November 26, 1997 dismissal of his
28 U.S.C. §2255 motion.  Although this Court has previously
issued an October 18, 2012 Statement as to Certificate of
Appealability ("Statement") explaining this Court's reasoning as
to why no COA should issue in conjunction with the current
appeal, Bailey's Application still calls for this Court to
calculate the filing fee obligations imposed on Bailey under 28
U.S.C. §1915 ("Section 1915").

Even though both Section 1915(a)(2) and the Application form
itself expressly call for Bailey to submit a certified copy of
the trust fund account statement at his custodial institution
covering the six-month period preceding the filing of his notice

of appeal, what Bailey has tendered covers a time frame of something less than five months. Instead of forcing Bailey to return to the institution to cover the entire period, this Court has used the printout to calculate the average monthly deposits for the somewhat shorter period, and that calculation has produced an average figure of $108.75. Under Section 1915(b)(1) that would require an initial partial filing fee of 20% of that amount or $21.75, after which future installments would have to be paid until the entire $455 in appellate filing fees had been satisfied.

But in this Court's view that calculation is purely hypothetical, because such cases as <u>Lee v. Clinton</u>, 209 F.3d 1025, 1026 (7th Cir. 2000) require a showing of a nonfrivolous claim in addition to an appellant's inability to pay the filing fee. To that end the same considerations that this Court has identified in its earlier Statement would call for denial of the Application, and this Court does just that. As indicated at the end of the Statement, Bailey is free to re-tender the issue to the Court of Appeals.

_____
Milton I. Shadur
Senior United States District Judge

Date: November 13, 2012